THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BUCKHEAD LIFE RESTAURANT GROUP,
INC., CHOPS, INC. and CHOPS BOCA
RATON LLC,

    Plaintiffs,

v.

CASE NO.: 6:07-CV-757-Orl-18KRS

CHOPS BY MARTINI'S, LLC,

    Defendant.
_____/

## CONSENT ORDER AND PERMANENT INJUNCTION AGAINST CHOPS BY MARTINI'S, LLC

Plaintiffs Buckhead Life Restaurant Group, Inc., Chops, Inc. and Chops Boca Raton LLC (collectively "Buckhead Life") and Defendant Chops By Martini's, LLC ("Defendant") having agreed to the entry of this Consent Order and Permanent Injunction Against Defendant without the taking of additional proof, without trial or adjudication of the facts or law herein, and with the Defendant having agreed to waive its right of appeal and having approved of this Order as to form and content, and for good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

### FINDINGS OF FACT

1.    Since 1989, Buckhead Life has owned and operated the "CHOPS" restaurant in Atlanta, Georgia and, more recently, in Boca Raton, Florida. The CHOPS restaurants' reputation for excellence is widespread and has attracted customers from throughout the United States, and particularly the Southeastern United States.

2.  Since 1989, which is prior to the acts of Defendant complained of herein, Buckhead Life has adopted and used certain service marks in connection with the marketing, owning and operating of its CHOPS restaurants and the services it provides therein. By virtue of its adoption, registration, and long, continuous use of its service marks, Buckhead Life is the owner of all right, title and interest in and to the mark identified as "CHOPS" (U.S. Registration No. 2,420,750), and "CHOPS Steaks and Lobster Bar" name and design (U.S. Registration No. 2,441,972) (collectively, the "CHOPS Marks").

3.  Buckhead Life has expended millions of dollars to advertise, publicize, and promote the sale of services in connection with the CHOPS Marks throughout the United States since at least 1989.

4.  The CHOPS Marks have become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Buckhead Life, Buckhead Life's goodwill, and the quality of Buckhead Life's services.

5.  Defendant operates a restaurant located in South Daytona, Florida under the name "Chops by Martini's." The Chops by Martini's restaurant was opened in 2004.

## CONCLUSIONS OF LAW

1.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

2.  The Defendant is subject to the personal jurisdiction of this Court because it regularly and systematically transacts business in the State of Florida, including within this judicial district. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

3. The Court finds that Defendant has infringed Buckhead Life's exclusive rights to use the CHOPS Marks in violation of the Lanham Act, 15 U.S.C. § 1114(1) as follows:

(a) Buckhead Life is the owner of the CHOPS Marks and Buckhead Life has a valid, protectable trademark interest in the CHOPS Marks;

(b) The Defendant has used in commerce, without permission, authorization or approval of Buckhead Life, the CHOPS Marks in connection with the advertising and promotion of its Chops by Martini's restaurant in South Daytona, Florida;

(c) The Defendant's use of the Chops by Martini's name, if allowed to continue, is likely to cause consumer confusion as to the source, affiliation and/or origin of the products and services offered by the Defendant in its South Daytona restaurant as evidenced by: (i) Defendant's use of similar, if not identical, marks; (ii) the similarity of the products and services offered by the Defendant and Buckhead Life; (iii) the similarity of the channels through which those products and services are marketed; and (iv) the overlap of potential customers of the services and products offered by the Defendant and Buckhead Life; and

(d) The Defendant's continued use of the CHOPS Marks in connection with the sale, offering for sale, and advertising of the products and services to be offered in its Chops by Martini's restaurant is likely to damage Buckhead Life.

4. Trademark infringement by its very nature will result in irreparable injury since the attendant loss of goodwill, reputation and business cannot be adequately quantified and the trademark owner cannot be adequately compensated. Accordingly, Buckhead Life has no adequate remedy at law and will continue to be irreparably injured unless and until Defendant's conduct is restrained by this Court.

## INJUNCTIVE RELIEF

NOW THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED that:

1. The Defendant, and its officers, agents, representatives, successors and assigns and all persons, firms or corporations in active concert or participation with the Defendant are hereby permanently enjoined from directly or indirectly using the CHOPS Marks or confusingly similar marks including "Chops" and "Chops by Martini's," collectively or individually, in any manner including, but not limited to, in connection with advertising, promoting or operating any restaurant under the CHOPS Marks or any confusingly similar derivative thereof;

2. Within sixty days of the entry of this Consent Order and Permanent Injunction, the Defendant shall change the name of its restaurant in South Daytona, Florida from "Chops by Martini's" to "Martini's Chophouse"; and

3. Within sixty days of the entry of this Consent Order and Permanent Injunction, the Defendant shall cease using the Chops and Chops by Martini's name in connection with advertising, promoting or operating any restaurant including removing all references to Chops and Chops by Martini's from all signage, websites, menus, employee uniforms or other advertising for the Defendant's restaurant (with the exception of telephone book listings which the Defendant shall have the Chops by Martini's listing removed as soon as possible and in any event with one year).

It is hereby further ORDERED, ADJUDGED and DECREED that:

(a) Within three (3) business days of the entry of this Consent Order and Permanent Injunction, the Defendant shall provide a copy of this Consent Order and Permanent Injunction to its officers, agents, servants, representatives and upon those persons in active concert or participation with them.

(b) Within sixty-five (65) days of the entry of this Consent Order and Permanent Injunction, the Defendant shall file with this Court a certification that: (i) specifically lists what steps it has taken to comply with this Consent Order and Permanent Injunction and (ii) certifies its compliance with this Consent Order and Permanent Injunction.

(c) Any act in violation of any of the terms of this Consent Order and Permanent Injunction may be considered and prosecuted as contempt of this Court. This Court will retain jurisdiction for the purpose of enforcing this Consent Order and Permanent Injunction, as necessary.

(d) The Clerk is directed to enter this Consent Order and Permanent Injunction forthwith, and this injunctive relief shall take effect immediately upon entry thereof.

(e) This case shall be dismissed and each party shall bear their own costs and fees.

SO ORDERED AND ADJUDGED:

Date: June 5, 07

G. Kendall Sharp
Judge, United States District Court